IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CRAIG R. JACOBS,                                              :
                                                             :
            Petitioner,                                      :
                                                             :
    v.                                                       :     C.A. No. 10-720-LPS
                                                             :
ARIZONA STATE PRISON KINGMAN,              :
Corporate Entity and Holder of the Key,              :
                                                             :
            Respondent.                                      :

## MEMORANDUM

## I. INTRODUCTION

Presently before the Court is a petition for emergency writ of habeas corpus ("petition")

filed by petitioner Craig R. Jacobs ("Jacobs"). (D.I. 1)  Jacobs is currently incarcerated in the

Arizona State Prison Kingman located in Golden Valley, Arizona.

## II. BACKGROUND

The petition alleges that respondent "is a corporation for profit" holding Jacobs in the

Arizon State Prison Kingman against his will, over his objection, and without his consent. *Id.* at

p. 1. According to the petition, respondent is unlawfully detaining Jacobs because "no criminal

action in the State of Arizona has been commenced against [him] by the filing of an

affidavit/complaint, or by a competent fact witness, alleging the necessary and essential facts

sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in

the first instance." *Id.* at pp. 1-2.  The petition asserts that this Court can review the instant

proceeding because it has jurisdiction over corporations incorporated in the State of Delaware,

and respondent is a corporation "directly linked to corporations . . . incorporated with the

corporations division secretary of state of Arizona," which, in turn, are "incorporated either directly or indirectly in the State of Delaware." *Id.* at 2. And finally, the petition asks that the Court "demand [Jacobs'] immediate discharge." *Id.* at pp. 2-3.

## III. DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the petition, the Court concludes that summary dismissal is appropriate in this case. Contrary to Jacobs' assertion, the Court does not have jurisdiction over the instant proceeding because Jacobs is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). In addition, Jacobs has failed to provide any indication that he has exhausted state remedies as required by § 2254(b)(1)(A).[1] For all of these reasons, the case cannot proceed in this Court.

---

[1]The Court acknowledges the possibility that Jacobs may be challenging his pre-trial custody. Nevertheless, the dismissal of the instant proceeding is appropriate because Jacobs is trying to completely abort his state criminal proceeding rather than assert a speedy trial claim. *See Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975)*; Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Jacobs' petition for emergency writ of habeas corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008). A separate order will be entered.

Dated: 9\21\10

_____
UNITED STATES DISTRICT JUDGE